HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUS RIOS CONTRERAS,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 3:19-cv-05136-RBL

CR17-5515RBL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jesus Rios Contreras's motion to vacate, set aside, or correct his sentence pursuant to 28 U.C.S. § 2255. Following his guilty plea in 2018, Contreras received a 72-month sentence for possession of methamphetamine with intent to distribute and a 12-month sentence for illegal reentry after deportation. The sentences were to run consecutively, constituting a total of 84 months. Contreras argues that his counsel, Miriam Schwartz, was ineffective for not asking the sentences to run concurrently, alleging that if she had asked, there is a reasonable probability that the Court would have imposed a shorter sentence. Aside from stating that Schwartz could have asked for a concurrently run sentence, Contreras made no other factual allegations to support his claim.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

The government argues that Contreras has not shown that his counsel's performance was professionally unreasonable or that her performance prejudiced him. Schwartz asked the Court to impose a total sentence of five years for all of Contreras's charges, the statutory minimum sentence for Contreras's drug-related charge. The government asserts that by doing so, Schwartz effectively asked the Court to run the illegal entry sentence concurrently. The government also argues that Contreras presents nothing to show that Schwartz's failure to use the specific word "concurrent" actually caused prejudice by changing the Court's conclusion.

For the following reasons, the Court DENIES Contreras's Motion.

## DISCUSSION

### 1. Standard of Review

A petitioner seeking relief under 28 U.S.C. § 2255 must prove the existence of an error rendering his conviction unlawful. *See Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997); *see also Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938). The petitioner, who bears the burden of proof, loses "when scales are evenly balanced on factual question of whether a constitutional error occurred." *Simmons*, 110 F.3d at 42. The petitioner also bears the burden of establishing any factual predicates necessary to establish his claims. *See Grady v. United States*, 929 F.2d 468, 471 (9th Cir. 1991).

A prisoner in custody for a federal law violation may move to vacate, set aside or correct the sentence under four circumstances: where (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective

assistance of counsel can be raised for the first time on a § 2255 motion. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984).

**2.    Evidentiary Hearing under § 2255(b)**

The Court need not hold an evidentiary hearing on a § 2255 motion where the claims "can be conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)). "Although § 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citation omitted). Here, Contreras is not entitled to an evidentiary hearing because his claim is based entirely on his assumption of what could have changed the Court's sentencing decision, and the record already contains sufficient evidence to assess such a claim.

**3.    Ineffective Assistance of Counsel**

Contreras argues that his counsel was ineffective because she did not ask for his 72-month sentence and 12-month sentence to run concurrently.

To prevail on a claim of ineffective assistance of counsel, petitioner must first show that his attorney's performance was unreasonable under prevailing professional standards. Petitioner must prove that his counsel made errors "so serious that [she] was not functioning as the 'counsel' guaranteed for the defendant by the [Constitution]." *Strickland v. Washington*, 466 U.S. 668 (1984). Review of the effectiveness of counsel's performance is highly deferential, and there is strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which, under circumstances, might be considered sound trial strategy. *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir.1991) (citing *Strickland*, 466 U.S. at 687).

Second, petitioner must affirmatively prove prejudice. *Strickland*, 466 U.S. at 687. This requires him to show a reasonable probability[1] that but for counsel's unprofessional errors, the results would have been different. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting *Strickland*, 466 U.S. at 687). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 669. Thus, even if counsel made a professionally unreasonable error, it does not warrant setting aside the judgment if the error had no effect on the judgment. *Id.* at 691.

Cortreras has not shown that his counsel performed unreasonably under prevailing professional standards. While Schwartz did not use the term "concurrent" during the sentencing hearing, this omission was not a serious error. The statutory minimum sentence for Contreras's drug related charge is five years. Therefore, by asking the Court to impose a total sentence of five years for all of Contreras's charges, Schwartz effectively asked the Court to have the illegal entry sentence run concurrently with the drug charge sentence. Contreras presents no other allegation to establish that Schwartz's conduct was a serious error outside of the wide range of reasonable professional assistance.

To the contrary, the record supports the government's claim that Schwartz performed effectively. While Contreras now believes that he might have been entitled to a sentence of 72 months total, Schwartz advocated for a sentence of 60 months total, the lowest possible term that Contreras could have received. Schwartz also emphasized Contreras's age, harsh upbringing, and the fact that he has an infant child in Mexico to provide reasons for a more lenient sentence.

---

[1] In *Strickland*, the Supreme Court stated that to prove prejudice, the defendant need not show that "counsel's deficient conduct more likely than not altered the outcome." 466 U.S. at 693-94. Rather, the reasonable probability standard is more appropriate. *Id.*

Contreras does not provide any reason to conclude that Schwartz's advocacy was objectively unreasonable.

Furthermore, Contreras has not shown that Schwartz's performance prejudiced him. In *Strictland*, the defendant failed to show prejudice because the evidence that he claimed should have been offered would "barely have altered [his] sentencing profile." *See* 466 U.S. at 700. Like *Strictland*, Contreras fails to show how a request for concurrent sentences could have changed the outcome of his sentencing. The Court decided against giving Contreras a shorter sentence based on concerns related to his recidivism, specific deterrence, community safety, and the grave nature of the drug offense he committed. Contreras has presents nothing to suggest that there was a reasonable probability the Court would set aside these concerns and impose a more lenient sentence if Schwartz had simply asked for the sentences to run concurrently.

**4.     Certificate of Appealability**

To appeal a decision denying a motion under 28 U.S.C. § 2255, a defendant is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To do so, the defendant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the invalidity of Contreras's claim is not debatable. Contreras merely provides a conclusory statement that the Court might have reduced his sentence if Schwartz had expressly requested his sentences to run concurrently. There is simply no reason to believe that Schwartz's omission of the word "concurrent" had any impact on the Court when she was already asking for a sentence functionally equivalent to what Contreras now argues for. Without more to establish a valid claim, Contreras is not entitled to a certificate of appealability.

## CONCLUSION

For the above reasons, Contreras's motion to vacate, set aside, or correct his sentence pursuant to 28 U.C.S. § 2255 is DENIED. Because Contreras has failed to state a valid claim of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

Dated this 13th day of June.

Ronald B. Leighton
United States District Judge